**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| S. BEN GHOSH, | DOCKET NUMBER |
|        Appellant, | AT-3443-16-0646-I-1 |
|      v. | |
| ENVIRONMENTAL PROTECTION<br>  AGENCY, | DATE: March 14, 2023 |
|        Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

S. Ben Ghosh, Marietta, Georgia, pro se.

Alicia Lewis, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 The appellant, a GS-12 Environmental Engineer, filed an appeal challenging his nonselection for promotion to a GS-13 Environmental Engineer position. Initial Appeal File (IAF), Tab 1 at 6-10. In his appeal, the appellant, who is of Indian-American descent, alleged that the agency did not select him for the promotion on the basis of his race, opting instead to promote a white male to the position. *Id.* at 7-8. He also alleged additional examples of discriminatory promotion, accusing agency management of engaging in a "pattern of practice" of discriminatory promotions. *Id.* at 7.

¶3 By order dated July 11, 2016, the administrative judge informed the appellant that the Board may not have jurisdiction over the appeal of his nonselection. IAF, Tab 2. The administrative judge explained that the Board

generally lacks authority to review nonselection claims and identified the exceptions in which the Board does have jurisdiction over nonselections, such as an individual right of action (IRA) appeal claiming reprisal for whistleblowing or protected activity, claims under the Veterans Employment Opportunities Act of 1998 (VEOA), or claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  *Id.* at 2-5; *see Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007).  The administrative judge also apprised the appellant of his burden in proving Board jurisdiction, explained what was required to establish Board jurisdiction, and ordered the appellant to file evidence and argument demonstrating that his claim was within the Board's jurisdiction.  IAF, Tab 2 at 2-5.

¶4        In reply, the appellant argued that the Board had jurisdiction over his claim as a "mixed-case" appeal or an appeal of a prohibited personnel practice.  IAF, Tab 3 at 2-4.  Subsequently, he filed a motion for default judgment, arguing that the agency had not entered an appearance or responded to the acknowledgment order or to his discovery requests.  IAF, Tab 4.  The agency filed a response in opposition to the default motion, arguing that the Board lacked the authority to grant a default judgment against the agency.  IAF, Tab 6 at 4-7.  The agency also argued that the appellant's motion should be denied because he failed to prove Board jurisdiction over the appeal of his nonselection, and so the appeal should be dismissed for lack of jurisdiction.  *Id.* at 6-7.

¶5        Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for a lack of jurisdiction.  IAF, Tab 7, Initial Decision (ID) at 1-3.  The appellant timely filed a petition for review.  Petition for Review (PFR) File, Tab 3 at 5-14.  The agency did not submit a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6　　　Broadly stated, the appellant's arguments on review fall into one of three categories:　(1) arguments that the Board has jurisdiction over his appeal; (2) disagreements with the administrative judge's decision not to grant his requested default judgment sanction; and (3) arguments either raised for the first time on review or that are unrelated to the jurisdictional question at issue in the appeal.[3] *Id.*

¶7　　　Regarding the appellant's argument that the Board has jurisdiction over his nonselection, as the administrative judge correctly noted, the Board generally lacks jurisdiction over nonselection appeals, with the exception of IRA appeals claiming reprisal for whistleblowing or protected activity, VEOA appeals, and USERRA appeals.　ID at 2; *Becker*, [107 M.S.P.R. 327](), ¶ 5.　The appellant did not allege below that the agency retaliated against him for disclosures or activities protected under the Whistleblower Protection Act or the Whistleblower Protection Enhancement Act, nor did he ever allege that he was a preference-eligible veteran or that he was asserting claims under VEOA or USERRA.　IAF, Tabs 1, 3-4. Accordingly, we agree with the administrative judge's determination that the appellant has not made a nonfrivolous allegation of jurisdiction over his nonselection appeal under any of the listed exceptions to the general rule, and find no reason to disturb those findings.　ID at 2.

¶8　　　Although the appellant argues that it is within the Board's purview to review the agency's decision as a possible prohibited personnel practice, PFR File, Tab 3 at 10, ¶ 21, absent an otherwise appealable issue, the Board does not have jurisdiction to consider the appellant's claim that the agency's decision not to promote him may have been a prohibited personnel practice, *Wren v.*

---

[3] In addition to the cases directly discussed below, we have reviewed the numerous other cases cited by the appellant on review in support of his argument that the Board has jurisdiction over his appeal, and we have determined that they do not warrant a different outcome.　PFR File, Tab 3 at 5-14.

*Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (holding that 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982); *see also Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶¶ 15-16 (2007) (explaining that the merit system principles are not themselves a source of Board jurisdiction; that absent an otherwise appealable action, a prohibited personnel practices claim cannot be considered by the Board; and that a nonselection is not an otherwise appealable action).  Consequently, we find that the Board also lacks jurisdiction over the appellant's prohibited personnel practice claim.

¶9        Concerning the appellant's argument that the Board has jurisdiction over his appeal as a mixed-case appeal, because he has not alleged that he was subjected to an action that is appealable to the Board, his appeal is not a mixed-case appeal. *See Lethridge v. U.S. Postal Service*, 99 M.S.P.R. 675, ¶ 9 (2005) (explaining that a mixed-case appeal involves an action that is appealable to the Board and an allegation that the appealable action is based on prohibited discrimination) (citing 5 C.F.R. § 1201.151(a)(1); 29 C.F.R. § 1614.302(a)(2)).  Thus, we find no basis for finding jurisdiction over the appellant's appeal as a mixed-case.

¶10       Regarding the administrative judge's decision not to grant the requested default judgment sanction, the appellant generally argues that the authority cited by the agency is old or inapplicable or has been overruled, and he offers alternative precedent to support his claim that the Board has authority to grant a default judgment.  PFR File, Tab 3 at 11-12, ¶¶ 23-27.  Despite the appellant's argument to the contrary, the Board is without authority to issue a default judgment against an agency.  *Burnett v. Department of Housing and Urban Development*, 114 M.S.P.R. 1, ¶ 3 n.1 (2010); *Hayes v. Department of the Treasury*, 74 M.S.P.R. 613, 615 (1997).[4]  The cases cited by the appellant are

---

[4] Although the appellant notes that *Lavelle v. Department of the Navy*, 37 M.S.P.R. 86, 90 (1988), cited by the agency to support this proposition, was overruled by *Mattern v.*

either inapplicable—as in the cases of *Robinson v. Department of the Army*, EEOC Case Nos. 531-2012-00210X and 531-2012-00211X (October 17, 2012) (field office order), which was an order by an Equal Employment Opportunity Commission's administrative judge granting a default judgment, and *In re Gleason*, 492 F. App'x 86 (11th Cir. 2012), which involved the imposition of sanctions by a bankruptcy court—or do not support the appellant's stated position, as in the case of *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶¶ 7, 9 (2011), which involved an *appellant's* repeated failure to respond to the Board's orders addressing jurisdiction and timeliness. PFR File, Tab 3 at 12, ¶¶ 25-27.

¶11       Further, absent an abuse of discretion, the Board will not ordinarily reverse an administrative judge's determination regarding sanctions. *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015) (citing *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013)); *Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶ 9 (2007). The appellant has not demonstrated that the administrative judge abused his discretion in denying the default judgment request, and we find no reason to disturb the administrative judge's findings in this regard. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶12       Finally, for the first time on review, the appellant has alleged that the agency retaliated against him for filing an equal employment opportunity (EEO) claim. PFR File, Tab 3 at 8, ¶ 14. The Board generally will not consider an

---

*Department of the Treasury*, 88 M.S.P.R. 65 (2001), *aff'd*, 291 F.3d 1366 (Fed. Cir. 2002), *Lavelle* was overruled on other grounds. *See Mattern*, 88 M.S.P.R. 65, ¶¶ 9-16. Indeed, subsequent post-*Lavelle* Board decisions have continued to state this proposition. *See Burnett*, 114 M.S.P.R. 1, ¶ 3 n.1.

argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶¶ 7-9 (2006); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). The appellant has provided no explanation for why he could not have raised this argument below, and we need not consider it on review. Additionally, it appears that the subject matter of the appellant's EEO complaint is the same nonselection claim that he alleges constitutes the agency's retaliatory act, and as such, it could not also be the action that motivated the agency's purported retaliation. Further, although the Board may ordinarily have jurisdiction to consider a nonselection claim raised in the context of an IRA appeal, *see Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 13 (2012), the appellant's vague statement raised for the first time on review, unaccompanied by any documents, and unaccompanied by any claim that he has exhausted his remedies with the Office of Special Counsel regarding any potential retaliation claim, would fail to present any reviewable claim even if we were to consider this argument at this time. If the appellant desires to file an IRA appeal, he may do so with the Board's regional office in accordance with the Board's procedures. *See* 5 C.F.R. §§ 1209.5-1209.6.

¶13     We therefore deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.